CHRISTIAN ACTION PARTY ET AL., Petitioners, *v.* LUIS MUÑOZ MARÍN, GOVERNOR OF PUERTO RICO ET AL., Defendants.

No. M-62-4. Decided April 13, 1962.

*Francisco Ponsa Feliú, Alvaro R. Calderón, Jr.,* and *Francisco Hernández Vargas* for petitioners.

### ORDER

In view of the foregoing petition for mandamus, the Court refuses to assume original jurisdiction. It was so agreed by the Court as witnesses the signature of the Chief Justice. Mr. Justice Rigau did not participate.

Mr. Chief Justice Negrón Fernández and Mr. Justice Blanco Lugo are of the opinion that the questions raised in

the present petition justify the exercise of original jurisdiction by the Court, as they shall state in separate opinions.

(s) LUIS NEGRÓN FERNÁNDEZ
*Chief Justice*

I attest:

(s) IGNACIO RIVERA
*General Secretary*

---

Separate opinion of MR. CHIEF JUSTICE NEGRÓN FERNÁNDEZ.

The importance of the question raised in the case at bar for the functioning of Puerto Rican democracy merits, in my opinion, the exercise of the original jurisdiction of this Court. If petitioners are correct in their contention, the rights they claim should be recognized to them without further delay. Likewise, if they are not right in said contention, this Court should so declare immediately. Judicial determinations on questions affecting the democratic institutional life of our people should not be deferred by this Court.

---

Separate opinion of MR. JUSTICE BLANCO LUGO.

Invoking the original jurisdiction of this Court,[1] petitioners Christian Action Party, José Luis Feliú Pesquera, as President of the Christian Action Party, and Francisco González Baena, as Chairman of the Local Committee of the election precinct of Río Piedras II of the aforesaid party, filed an application for the issuance of a writ of mandamus against Hon. Luis Muñoz Marín, Governor of Puerto Rico, and Hon. Ernesto Mieres Calimano, General Supervisor of

---

[1] Section 5 of Art. V of the Constitution of the Commonwealth of Puerto Rico, in connection with § 2 of Act of March 12, 1903 (Sess. Laws, p. 113), 32 L.P.R.A. § 3422. See also, Rule 55 of the Rules of Civil Procedure of 1958, 32 L.P.R.A. (Supp. 1960), p. 151 and Rule 72 relating to the provisions of the Code of Civil Procedure which were not repealed, by said Rules, among which we find §§ 649 to 651, 32 L.P.R.A. §§ 3421 to 3423.

Elections, to order said officials to comply with the alleged ministerial duty that the law imposes on the former of designating a regular member and an alternate member to represent said party in the Insular Board of Elections, and on the latter to provide free of cost copies of the electoral lists of the precinct referred to.

It is not necessary to state the allegations contained in the application. It suffices to indicate that the propriety of the petition rests on the condition of political party of the petitioner and that for that purpose we should construe *for the first time* the scope of § 6 of Art. IX of the Constitution of the Commonwealth of Puerto Rico, in relation to the provisions of § 14 of the Election Law, 16 L.P.R.A. § 75, and of the amendment made thereto by virtue of Act No. 6 of September 27, 1951 (Sp. Sess. Laws, p. 106).

Briefly stated, this petition involves the determination on the legal existence of a group as a political party. Within our democratic system of government political parties are the organs through which the citizens express their will collectively. I firmly believe that hardly could a matter of greater importance be submitted to our consideration, not only for a particular individual who claims a right which he considers has been infringed but also for a group of citizens which through a political organization demands the acknowledgment to which it believes to be entitled in order to fully enjoy the benefits that such an acknowledgment entails. The very essence of democracy thus comes into play; something consubstantial with democracy itself. In view of this situation I can not conceive that mere procedural conveniences should prevent a prompt adjudication by our highest forum. I admit that petitioners may resort to the Court of First Instance, but I believe that our denial to assume original jurisdiction constitutes, rather than the compliance with a rule of orderly justice, an unjustified abdication of the mission that the law and the juridical tradition have entrusted to us.

The first expression of our power to issue at first instance a writ of mandamus appears in *Palmer* v. *Guerra*, 9 P.R.R. 499, decided in 1905, in which we said: "We think in an *ordinary* case, where the writ is not directed against the Executive Council, or some other high body, or against a lower court, *and* where there is no particular reason of haste or expediency, application should be made to the district court." One year later, in *Negrón et al.* v. *Supervisor of Elections*, 11 P.R.R. 352 (1906), we explained that the reason which justified this position is that "trial courts have greater facilities for taking testimony and hearing witnesses than is afforded here." And in *Partido Popular* v. *Gallardo*, 56 P.R.R. 677 (1940), we considered, among other factors to exercise our original jurisdiction, that the petition was directed against one of the high officers of the government and that the issues involved were of great public interest. *Cf. Dávila* v. *Sec. of State*, 83 P.R.R. 180 (1960); *C.A.P.* v. *General Supervisor of Elections*, 82 P.R.R. 21 (1960); *Prensa Insular de Puerto Rico* v. *Cordero, Auditor*, 67 P.R.R. 83 (1947); *Martínez Nadal et al.* v. *Saldaña*, 33 P.R.R. 687 (1924).

A hasty examination of the allegations of the petition shows that the controversy of facts raised is minimal, if any, and that the decision of the matter depends practically on an interpretation of law. This being so, and the defendants being the chief executive power and a high state official, and that an indisputable question of public interest is involved,[2] I believe that we should have required said respondents to present their answer and provide for the corresponding hearing.

---

[2] The fact that the next elections are not to take place until November 1964 does not militate against a prompt adjudication, since as Mr. Chief Justice Negrón Fernández indicates in his separate opinion, "If petitioners are correct in their contention, the rights they claim should be recognized to them without further delay. Likewise, if they are not right in said contention, this Court should so declare immediately."